**BAUMAN CHEVROLET INC., Plaintiff, v. FAUST, Defendant.**

Common Pleas Court, Erie County.

No. 28805.   Filed June 17, 1953.

Tussing & Pisano, for plaintiff.
Schwer & Moore, Sandusky, for defendant.

### OPINION

By McCRYSTAL, J.

This matter arises by virtue of a demurrer filed by the defendant to the plaintiff's petition on the grounds, that

1. The petition does not state a cause of action, and

2. That the action is barred by the Statute of limitations.

Following the introductory paragraph, the plaintiff's petition reads as follows:—

"The plaintiff says that on or about the 14th day of February, 1951, it was the owner of a certain 1947 Chevrolet Aero Sedan; that on or about the 14th day of February, 1951, plaintiff and defendant entered into an oral agreement whereby plaintiff delivered its automobile, as described above, to the defendant to be used by said defendant for such period of time as plaintiff would be required to repair an automobile which was owned by said defendant.

"The plaintiff further says that the defendant took possession of said 1947 Chevrolet Aero Sedan and agreed with plaintiff that he would carefully drive said automobile and return the same to plaintiff in as good condition and repair as when he took possession thereof; that when defendant took possession of said automobile, it was in good running order and in need of no repairs; that in violation of his agreement, defendant returned said automobile to the plaintiff on the 17th day of February, 1951, in such condition that the same was damaged beyond repair."

Plaintiff filed his petition on May 18, 1953, and prayed for damages to the car.

Coming to the first ground stated in the defendant's demurrer, the Court is of the opinion that the petition does state a cause of action. Therefore, the first ground of the demurrer is overruled.

The principal question raised by this demurrer is whether or not §11222 GC with its six year limitation for bringing an action, or §11224-1 GC with its two year limitation, is applicable to the plaintiff's petition. The defendant contends that the two year limitation applies and that as a result, the demurrer should be sustained.

Sec. 11222 GC recites in part—

"An action upon a contract, not in writing, express or implied * * * shall be brought within six years after the cause thereof accrues."

Sec. 11224-1 GC recites in part—

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arises."

The plaintiff argues that his petition is founded on an express contract, and that his cause of action is for breach of contract and that therefore the six year statute of limitations applies. The Court agrees with the plaintiff in that the

petition states an action for breach of contract, but the Court does not agree that it necessarily follows in this case, that the six year statute of limitations applies.

The petition of the plaintiff establishes a bailment between the plaintiff and the defendant. It further establishes that in violation of the terms of the bailment, the defendant returned the automobile in question in a damaged condition.

It has long been settled that under these conditions, a bailor has a choice between an action sounding in contract or in tort.

6 American Jurisprudence 438.

In Ohio, we have but one form of action designated a "civil action" and we no longer carry the distinction between the common law remedies and the wording of the two sections of the General Code with which we are concerned here, does not use the words "cause of action" or "form of action," but merely states that "an action."

A search of the cases in Ohio, discloses that there is nothing directly in point on the question involved here.

In the case of **Andrianos v. Traction Company, 155 Oh St 47,** our Supreme Court held that a fare paying passenger who brings an action against the carrier for bodily injuries based upon the breach of an implied contract, must do so under the two year limitation of §11224-1 GC and not the six year limitation for bringing an action for an implied contract under §11222 GC. While that case pertains to an implied contract for bodily injuries, the Court feels that the principle controlling in that case applies in the instant case.

In the Syllabus 1, of the Andrianos case it states—

"A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable."

In the present case while being an action for breach of contract, the breach involved is the injury to personal property and the damages sought are damages for the injury to personal property. The relief sought and the damages involved would be the same if the plaintiff had commenced his action on the basis of simple negligence. Had the action been based on negligence and not on contract, it is clear that the two year limitation of §11224-1 GC would apply.

The Court is of the opinion that a cause of action for damages to personal property arising out of a bailment contract, is governed by §11224-1 GC and not by §11222 GC. The Court does not intend to convey the thought that all actions for breach of a bailment contract are limited to §11224-1 GC, as it is conceivable that many breaches of a bailment contract

could give rise to a cause of action which would not result solely in injury to personal property or result in damages being limited to the loss or injury to personal property.

The second ground of the demurrer to the plaintiff's petition is therefore sustained.