FARBACH CHEMICAL CO. ET AL., APPELLANTS, *v.* COMMERCIAL CHEMICAL CO., APPELLEE.

(No. 8123—Decided May 28, 1956.)

*Mr. Edwin J. Hayes* and *Mr. Edward A. Hogan,* for appellants.

*Messrs. Lindhorst & Dreidame,* for appellee.

Ross, P. J.   In the trial court a demurrer to the amended petition was sustained and, the plaintiff not desiring to plead further, judgment was entered dismissing the action.   Appeal upon questions of law is taken from such judgment.   The

ground of the demurrer was that the allegations of the amended petition developed that more than two years had expired after the cause of action arose before the petition was filed, and, hence, the action was barred by the provisions of Section 2305.10, Revised Code, in which it is provided:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

The pertinent allegations of the amended petition are as follows:

"Plaintiffs say that on or about March 25, 1952, the Farbach Chemical Company shipped to the defendant, Commercial Chemical Company, 15-55 gallon drums and 37-5 gallon pails of brake fluid from which alcohol was to be reclaimed for use by the Farbach Chemical Company.

"Plaintiffs say that the defendant, Commercial Chemical Company, was informed that the reclaimed alcohol was to be used in the manufacture of brake fluid by the Farbach Chemical Company; that defendant represented that it could distill the product sent to it by the Farbach Chemical Company and would after distillation return to the Farbach Chemical Company alcohol which could be used by the Farbach Chemical Company in the manufacture of brake fluid.

"Plaintiffs further say that on or about December 10, 1952, defendant sent to the Farbach Chemical Company 10 drums, or 525 gallons of reclaimed alcohol which defendant represented could be used by the Farbach Chemical Company in the manufacture of its product, brake fluid; that the defendant warranted that the reclaimed alcohol had all foreign substances removed and was pure alcohol.

"Relying on defendant's warranty and representation that the returned product was reclaimed alcohol with all foreign substances removed, the Farbach Chemical Company used the reclaimed alcohol in the manufacture of brake fluid, which brake fluid was sold by the Farbach Chemical Company to its customers.

"Plaintiffs further say that the product as returned to the Farbach Chemical Company by the Commercial Chemical Company was not as warranted and represented and unknown to the plaintiffs contained hydrochloric acid.

"Plaintiffs further say that the reclaimed alcohol as returned was unfit for the use intended by the Farbach Chemical Company and by reason of the same the product as put out by the Farbach Chemical Company using the reclaimed alcohol sent to it by the defendant was unfit for the purpose to which it was supposed to be used.

"Plaintiffs say that a valuable consideration was paid to the defendant for reclaiming the alcohol and for warranting the reclaimed alcohol to be fit for the purpose for which it was to be used and which was known to the defendant.

"Plaintiffs further say that the product was unfit for use intended and by reason of the same there was a breach of warranty."

In *Parletto* v. *Industrial Commission,* 140 Ohio St., 12, 42 N. E. (2d), 153, it is stated in paragraph four of the syllabus that "for the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom."

It is obvious from the allegations of the amended petition that an express contract of bailment for services to be rendered by the defendant upon property of the plaintiff was entered into. See 6 American Jurisprudence, 177, 178, "Bailments," Section 4, and *id.,* p. 181, Section 13, where the bailment here involved is classified as a "Bailment 'Locatum.' " See, also, *id.,* p. 186, Classification, Section 22.

Although the action sounded in contract, it is claimed by the defendant that the action was predicated upon a claim by plaintiff that the defendant had caused injury to its property.

In *Andrianos* v. *Community Traction Co.,* 155 Ohio St., 47. 97 N. E. (2d), 549, it is held in paragraph two of the syllabus:

"Section 11224-1, General Code, providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort. The limitation is imposed on the cause of action and the form in which the action is brought is immaterial."

It is clear the same rule would apply where the charge is "injuring personal property."

Now, it is not definitely stated in the amended petition that the fluid as delivered to defendant contained hydrochloric acid, which was not removed in conformity to the agreement of the defendant to remove all foreign substances and return to the plaintiff pure alcohol, suitable for use as a brake fluid, but a construction favorable to the plaintiff requires that such is the effect of the allegations of the amended petition, as will be seen hereafter.

If hydrochloric acid was not in the fluid sent the defendant, but was injected into such fluid and permitted to remain with the alcohol returned to plaintiff, which mixture was detrimental to its use as a component of the brake fluid sold to plaintiff's customers, then the defendant did injure the personal property of the plaintiff, because the acid was not an ingredient of the used brake fluid sent to defendant for purification.

If the hydrochloric acid was in the used brake fluid delivered to the defendant for purification, then the defendant simply failed to carry out its contract to return pure alcohol, and Section 2305.11, Revised Code, would have no application—for the property of the plaintiff was not injured. There. was merely a neglect to perform the contract by the defendant. And Section 2305.07, Revised Code, would apply, giving the plaintiff six years to institute his action.

Giving the plaintiff the benefit of the "fair, reasonable and favorable intendments and inferences arising therefrom," it must be considered from the allegations of the amended petition that the acid was *in* the fluid, originally delivered to the defendant, and it simply did not remove it, as it had agreed to do in conformity to its agreement to return only pure alcohol, so that the action involved only a contract of bailment which was not performed, no injury to property being involved, and the six-year statute of limitation applied and the demurrer should have been overruled. The defendant could have obviated this difficulty by filing a motion to make definite and certain, thus definitely determining whether or not the original fluid delivered to the defendant contained hydrochloric acid. This, it failed to do, and the amended petition must be taken with a construction favorable to the plaintiff.

The language of Section 2305.10, Revised Code, inplies a positive injury to the property of the plaintiff, not a negative contractual failure to render a product harmless. The original used brake fluid, giving the amended petition a favorable construction, contained both alcohol and hydrochloric acid. The defendant did no injury to these components of such original fluid. As we view the matter, the trial court committed error, prejudicial to plaintiff, in sustaining the demurrer, and its judgment dismissing the action must be reversed, and the cause remanded for further proceedings in accordance with law.

*Judgment reversed.*

HILDEBRANT and MATTHEWS, JJ., concur.