SCHIFFMAN, PLAINTIFF-APPELLANT, *v.* ITTS, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4165.   Decided June 13, 1961.

*Mr. Martin S. Goldberg,* for plaintiff-appellant.
*Messrs. Nadler & Nadler,* for defendant-appellee.

(RUTHERFORD, J., of the Fifth District, sitting by assignment in the Seventh District.)

RUTHERFORD, J. This is an action wherein the plaintiff is seeking a judgment against the defendant in the amount of $14,300.00 for certain jewelry he alleges he delivered to the defendant by virtue of a contract of bailment.

The petition was filed in the Common Pleas Court on the twenty-seventh day of April, 1959, whereas the jewelry was delivered to the defendant on the twelfth day of November, 1956. Demand was made a few days later, for the jewelry, on the defendant, and plaintiff alleges that its return was refused, whereas the defendant by answer alleged that it was in fact returned.

After extensive preliminary arguments the trial court sustained an oral demurrer to the petition and the opening statement of plaintiff's counsel, and asserted that the action was not commenced within two years following the demand for return. After consideration the court ruled that the two year statute of limitation applied in this case (Section 2305.10, Revised Code), and dismissed the plaintiff's action at plaintiff's costs.

It seems that the only serious question in determining the case before us is whether or not the court was correct in determining from the petition and the opening statement that the two year statute of limitations applied to this case.

It is agreed by all parties that this is a bailment case whereby the jewelry was placed in the hands of the defendant for specific purposes. The plaintiff claims that he delivered the jewelry, made demand for it and the same was not returned to him. The defendant by answer admits the delivery to him of the jewelry, and for his defense says that said jewelry was returned in its entirety to the plaintiff.

It is our finding that the court was in error in determining from the petition and the opening statement that the two year statute of limitations (Section 2305.10, Revised Code), is applicable to this cause.

There are no allegations in the petition or statements contained in the opening statement of injury to personal property.

In the absence of such allegations in the petition or opening statement the statute of limitations is a matter of affirmative defense.

On its facts we readily distinguish the case of *Bauman Chevrolet Company* v. *Faust,* 66 Ohio Law Abs., 145, from the case now before us.

Judgment reversed and cause remanded to the Common Pleas Court for further proceedings according to law.

GRIFFITH, P. J., and DONAHUE, J., concur.