Slick Airways, Inc., Appellee, *v.* Reinert, d. b. a.
Twin Aviaries, Appellant.

(No. 8952—Decided June 26, 1961.)

Messrs. *Bradley, Foiles & Saeman*, for appellee.
Messrs. *Ginocchio & Ginocchio*, for appellant.

O'CONNELL, J.   The plaintiff in this case is an air freight common carrier.   The defendant was, at the time of this transaction, engaged in importing tropical birds for resale.

On February 23, 1960, plaintiff filed suit in the Cincinnati Municipal Court against the defendant on an account of $325.57 for the carriage of two shipments of birds, together with certain incidental charges.

The defendant in his answer admitted the two shipments and the correctness of the bill.   He also filed a cross-petition in which he alleged that on or about November 20, 1956, there arrived in New York City, in the state of New York, a shipment via K.L.M. Air Freight Lines from the city of Amsterdam, The Netherlands, 505 live birds which the defendant had purchased from a dealer in birds in said city of Amsterdam.

He alleged further that on that date such live birds were put in possession of plaintiff for the purpose of transporting them to the defendant in Hamilton County, Ohio.

He alleged further that plaintiff failed and neglected to transport the birds promptly, and failed and neglected to provide them with proper care, food and water, so that when they were delivered in Cincinnati, Ohio, November 26, 1956, 454 of the birds had died.

He alleged damages of $500 and asked for a judgment of $174.43 by counterclaim.

The plaintiff, in his answer to the cross-petition, denied the allegations with reference to negligence on the part of the plaintiff, and alleged that, even if such allegations were true, the plaintiff was not liable to the defendant by virtue of Section 2305.10, Revised Code, which reads as follows:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

The plaintiff asked that the cross-petition of the defendant be dismissed and that the plaintiff's prayer be granted.

The court granted the plaintiff's motion for a summary judgment for the reason that the allegations in defendant's cross-petition did not constitute a counterclaim as defined in Section 2309.16, Revised Code. The court found further that defendant's answer admitted that the bills for air freight services alleged by plaintiff were incurred by defendant; that no genuine issue as to any material fact in the controversy existed; and that the plaintiff was entitled to a judgment as a matter of law.

If it were true that the carrying of the birds from Amsterdam, The Netherlands, to Cincinnati, Ohio, in which there was an allegation that 454 of the birds had died through the negligence of the plaintiff constituted an action for injury to personal property, the claim of the plaintiff that the statute of limitations (two years) had run against the defendant would have been correct. However, as it is put in the second paragraph of the syllabus of *Davis, Agent,* v. *Oswald & Taube,* 113 Ohio St., 499:

"The cause of action of a shipper against a common carrier for damage to the shipment of goods occasioned by the failure of the common carrier to notify the shipper, within a reasonable time, of its inability or failure to make delivery, is for a breach of contract. The liability of the carrier upon its contract is not altered by the fact that it, after entering into the contract, entrusts the performance thereof to another."

And, in 9 American Jurisprudence, 929, Section 818, there is a similar statement as follows:

"It frequently happens that the allegations in a complaint against a carrier are such that the action might be construed as either one in tort or as one on contract, for the purpose of determining the period of limitations applicable, and it has been laid down, as a general rule, that in such case it will be regarded as founded on contract."

Furthermore, in 106 A. L. R., 1013, there are the following headnotes:

"If a complaint may be construed either as one in tort or one on contract, it will be presumed to be the latter."

"If there is doubt as to which of two statutes of limitations applies, the longest period is generally used."

"If an action is as a matter of fact on contract, the mere fact that the contract was breached through the negligence of the defendant does not in and of itself change the action into one in tort."

Therefore, we must conclude that the statute of limitations governing implied contracts applies in this case and that therefore this action must have been brought within six years, as it actually was so brought, and not within two years, and that it was thus brought within the proper time.

Now, furthermore, the plaintiff states that there is no allegation that there was a contract between the plaintiff and the defendant whereby the plaintiff agreed to carry the birds in question from Amsterdam, The Netherlands, to Cincinnati, Ohio. It is true that there is no such allegation; nevertheless, there is definitely an implied contract in this regard. Certainly, when the birds were shipped from Amsterdam, The Netherlands, a contract came into existence between the shipper and the carrier. And this contract was just as binding on any other carrier who completed the shipment into Cincinnati, Ohio. Since the plaintiff completed this shipment into Cincinnati, Ohio, it became bound by the contract in every sense that the original carrier had become bound.

So it is said in *Spitzig* v. *Osborn Engineering Co.*, 21 C. C. (N. S.), 348, that accounts for services rendered "belong to the class of contractual relations which the parties have not expressed but which the law implies, so that an action upon an account properly sounds in contract."

Now, the trial court granted a summary judgment in this case on the theory that the allegations in defendant's cross-petition do not constitute a counterclaim, as defined in Section 2309.16, Revised Code, and that, since the defendant admitted the two bills for air freight service, there is no genuine issue as to any material fact. Now, if the allegations in the cross-petition did not constitute a counterclaim, the granting of the motion for a summary judgment would have been justified.

Section 2309.16, Revised Code, reads in part as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or

more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

It is the opinion of this court that the defendant's claim is "in favor of one or more defendants against one or more plaintiffs * * * between whom a several judgment might be had in the action, and arising out of the contract * * * set forth in the petition as the foundation of the plaintiff's claim * * *." Therefore, there is a genuine issue as to a material fact in the controversy (whether or not the plaintiff was guilty of negligence), and therefore the motion for a summary judgment should have been overruled.

Let us close with a quotation from the headnotes (paragraph 6) of *Petroff* v. *Commercial Motor Freight, Inc.*, 82 Ohio Law Abs., 433, as follows:

"Where there is the slightest doubt as to the facts, the motion for summary judgment does not lie."

Therefore, the judgment of the Cincinnati Municipal Court is reversed and the cause is remanded for further proceedings in accordance with law and with this opinion.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.