NATIONAL CAR RENTALS, APPELLANT, *v.* ALLEN ET AL., APPELLEES.

[Cite as National Car Rentals v. Allen, 1 Ohio App. 2d 321.]

(No. 7583—Decided March 31, 1964.)

*Messrs. Robins, Metcalf & Preston,* for appellant.

*Messrs. Dresbach, Crabbe, Newlon & Bilger* and *Mr. James L. Graham,* for appellee Clifford C. Allen.

*Messrs. Freeman, Hoskins & Cline,* for appellee Robert S. McGrail.

Troop, J. The second amended petition (titled simply amended petition) of the plaintiff, appellant herein, National Car Rentals, filed on March 25, 1963, in the Columbus Municipal Court, recites the renting of a 1959 Ford 4-door sedan to Clifford C. Allen and Robert S. McGrail, defendants, appellees herein, under a written contract dated on or about February 22, 1960. Plaintiff alleges further that during the rental period defendants were involved in an accident resulting in the total loss of the automobile, and that at the time of the accident the defendants were operating the car in violation of a law of the state of California and in violation of the rental agreement, which required defendants to return the car in the same condition as when received and not to use the car in violation of any law or ordinance. Damage by reason of the acts of the defendants is alleged to be $2,607.60.

A demurrer to the second amended petition was sustained, and, following the dismissal of an appeal from the sustaining of the demurrer, the trial court entered a further record on the half-sheet, under date of November 15, 1963, reciting the demurrer to the second amended petition and indicating that it was sustained. The entry says further:

"* * * plaintiff not wishing to plead further the second amended petition is hereby dismissed * * *."

It is from that judgment that this appeal is taken.

The demurrer, sustained by the trial court, was directed to the petition by one of the defendants "because it appears on the face of the said pleading that the action was not brought within the time limited for the commencement of such actions." In defendants' memorandum, attention is directed to Section 2305.10, Revised Code, which provides as follows:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

There is only one assignment of error set out in the brief of plaintiff. The claimed error is that the trial court was wrong in sustaining the demurrer to, and dismissing, plaintiff's second amended petition, the ruling being contrary to law and against the manifest weight of the evidence. Any other possible error, apparent from the record, is considered waived, and this opinion is directed solely to the error assigned.

The trial court indicates, in its decision supporting the sustaining of the demurrer, reliance upon the cases of *Bauman Chevrolet, Inc.,* v. *Faust* (1953), 66 Ohio Law Abs., 145, and *Farbach Chemical Co.* v. *Commercial Chemical Co.* (1956), 101 Ohio App., 209.

Both cases refer to the case of *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St., 47, which is the principal case to be considered in the matter before this court. The sole question raised by this appeal is whether Section 2305.06, Revised Code, with its fifteen-year limitation for bringing an action on a written contract, or Section 2305.10, Revised Code, with its two-year limitation on an action for injury to personal property, is applicable to plaintiff's action.

Plaintiff takes the position that his action is one for the breach of a written contract, and that it is a perfectly proper action because he has the right to choose this route to recovery, even though another may be available. The contrary view is, of course, urged by defendants.

In the *Andrianos case,* the plaintiff sought to recover for bodily injuries incurred when the traction company breached its contract to provide him safe passage to his destination. At page 51, Judge Zimmerman pointed out that in Ohio we have but one form of action, designated a civil action, and added that "it makes no difference whether the action to recover damages for bodily injury is in theory *ex contractu* or *ex delicto*; nor does it matter that plaintiff may elect between the two types of action."

In the instant case as in the *Andrianos case,* plaintiff says that the action is one for breach of contract, that the statutory limitation therefor applies, and that it is not subject to the two-year limitation which applies to actions for injury to personal property. Supporting their position counsel say, at page 6 of their brief, that "the statute of limitations effects only the remedy not the right and in this case it only effects one remedy."

The Supreme Court squarely meets counsel's argument in the *Andrianos case.* The opinion suggests, page 53, that the General Assembly made Section 2305.10, Revised Code (Section 11224-1, General Code), complete in itself, and that such statute "suggests no legislative intent to distinguish between bodily

injuries directly and forcibly caused under circumstances where no contractual relationship exists between or among the persons concerned and those resulting from a breach of contract. Until such time as the General Assembly sees fit to make such distinction by an enactment carrying appropriate language to accomplish that purpose, this court must accept and apply the statute as it exists, regardless of hardship to a particular litigant.''

In the case before us, it is injury to personal property which is involved and not injury to the person, but the rules set out in the syllabus in the *Andrianos case* are determinative. The case law of Ohio is sufficiently clear to avoid reliance upon decisions in other jurisdictions.

In the case of *R. & H. Cartage Co.* v. *Fought* (1960), 111 Ohio App., 230, the Court of Appeals considered the applicability of these same statutes. At page 232, the court distinguishes the case from a case such as the instant one, holding that there was a contract of indemnity, the breach of which was basic to the cause of action. There, defendant's lessee, carrier of the goods, was negligent in delivering the cargo, causing spoilage. The court held that the cause of action arose when defendant refused the demand of plaintiff to comply with the indemnity contract covering the shipment.

In the *Farbach Chemical case, supra,* at page 213, it is said:

''The language of Section 2305.10, Revised Code, implies a positive injury to the property of the plaintiff, not a negative contractual failure to render a product harmless.''

There a contract for the reclamation of brake fluid was involved. In effect it was a contract warranting good workmanship. After processing, injurious material remained in the fluid. The court found that the defendant did no injury to the brake fluid, the subject of the contract, but merely failed to take an offensive substance out of it. That case is also distinguishable from the instant case.

As we find no error in the proceedings before the trial court prejudicial to the appellant, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Duffy, P. J., and Bryant, J., concur.