UNDERWRITERS AT LLOYD'S UNDER POLICY NO. LHO 10497, Norton-Simon, Inc. and McCall Publishing Company, Plaintiff-Appellants Cross-Appellees,

v.

PEERLESS STORAGE COMPANY and Peerless Transportation Company, Defendant-Appellees Cross-Appellants.

Nos. 76–1302, 76–1303.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1977.

Decided Sept. 8, 1977.

Jon M. Sebaly, Smith & Schnacke, Dayton, Ohio, William T. Smith, Richard A. Getty, Calfee, Halter & Griswold, Robert J. Amsdell, F. Rush McKnight, Cleveland, Ohio, for appellants.

Robert P. Bartlett, Jr., Thomas L. Czechowski, Estabrook, Finn & McKee, Dayton, Ohio, for appellees.

Before WEICK and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

We are required in this diversity case to determine the applicable Ohio statute of limitations governing an action by a subrogated insurer against a bailee to recover the value of personal property injured by fire. The case was tried by the District Judge without a jury, and in a published opinion he adopted findings of fact and conclusions of law. He followed the decision of the Supreme Court of Ohio in *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 97 N.E.2d 549 (1951), and the decision of this Court in *Sears, Roebuck & Co. v. Cleveland Trust Co.*, 355 F.2d 705 (6th Cir. 1966), and held that the action was governed by Ohio's two-year statute of limitations, Ohio Rev. Code § 2305.10. *Underwriters at Lloyd's etc. v. Peerless Storage Co.*, 404 F.Supp. 492 (S.D.Ohio 1975). Although the insured's proof of loss on the insurer's form was dated June 2, 1971, the insurer did not file suit until about three and one-half years after the date of the fire. It was therefore barred by the statute of limitations. The District Judge dismissed the action and the plaintiffs have appealed. We affirm.

There was no substantial dispute as to the facts.

Norton-Simon, Inc. and McCall Publishing Company (McCall) entered into a verbal month to month storage agreement with the defendants, Peerless Storage Company and Peerless Transportation Company (herein referred to jointly as Peerless), in which agreement Peerless agreed to store in its Warehouse Number 15 in Dayton, Ohio, a quantity of Norton-Simon's and McCall rolled paper stock.

On February 27, 1971 a fire destroyed Warehouse 15. The paper stock was damaged extensively, with losses valued at $850,096. No proof was offered as to the cause of the fire but there was substantial evidence that the warehouse had no sprinkler system and no fire walls, and was operated in violation of fire codes. Norton-Simon and McCall were able to recoup only $8,000 in salvage value from its damaged property.

Subsequently Underwriters at Lloyd's (Lloyd's) paid Norton-Simon and McCall $750,096. for the loss and damage to said rolled paper stock caused by the fire, against which Lloyd's had insured under its policy of fire insurance. By reason of this payment Lloyd's became subrogated to the rights of Norton-Simon and McCall against the defendants for recovery of the loss and damage to the paper stock. Norton-Simon and McCall incurred an uninsured loss of $100,000.

On June 25, 1974 Lloyd's filed a suit against Peerless in the Federal District Court, some forty months after the fire, claiming damages of $750,096. The complaint alleged that Peerless had breached the oral bailment contract by its failure "to exercise good faith and reasonable skill and diligence in discharging its obligations and responsibilities under said agreement." In July, 1975 Norton-Simon and McCall intervened as co-plaintiffs under Fed.R.Civ.P. 24(b) claiming damages for $100,000 on the uninsured portion of the loss allegedly resulting from Peerless' breach of contract.

On October 17, 1974 the District Court entered an order denying Peerless' motion for summary judgment.

In its published opinion, however, the District Court held that plaintiffs had established a prima facie case of liability and

that Peerless as bailee had failed to rebut the plaintiffs' prima facie case. The District Court, as noted above, ruled that the two-year limitation in § 2305.10 was applicable.

The two Ohio statutes of limitation under consideration provide as follows:

§ 2305.07 Contract not in writing.

Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

§ 2305.10 Bodily injury or injury to personal property.

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

Plaintiffs argue that § 2305.10 does not apply to the present cause of action. They contend that the case of *Andrianos v. Community Traction Co., supra,* is limited to cases involving bodily injuries and injuries to personal property, and not to cases involving predetermined arm's-length bargained contractual rights and obligations. Plaintiffs assert also that § 2305.10 does not apply to causes of action as in the present case for violation of rights in personal property or for violation of rights arising out of an injury to personal property, but rather that § 2305.10 applies to actions involving injury to persons or tangible things, which actions arise generally in situations where there is fortuitous damage to personal property such as damages resulting from an automobile collision. Peerless, on the other hand, maintains that the *Andrianos* decision controls in suits to recover damages for injury to personal property irrespective of the form of the action filed.

In *Andrianos* a bus passenger suffered bodily injuries when the bus driver struck a pillar or stanchion of a viaduct. Nearly four years after the accident the passenger sued the common carrier for violation of an implied contract to provide safe carriage, claiming $30,000 damages. The sole issue before the Ohio Supreme Court was wheth-er the six-year statute of limitations for bringing a contract action under Section 11222 of the General Code (now Ohio Rev. Code § 2305.07), or the two-year statute of limitations on bodily injury under Section 11224–1 of the General Code (now Ohio Rev.Code § 2305.10), applied to the cause of action.

The Court ruled that the latter statute was applicable and dismissed the cause of action. It adopted what it termed the "majority rule" as follows:

The rule prevailing in by far the larger number of jurisdictions is that where a statute, specific in terms, limits the time within which an action for "injuries to the person" or "bodily injury" may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action growing out of a contractual relationship, is without application. (*Id.,* 155 Ohio St. at 50, 97 N.E.2d at 552.)

The Court also held that the two-year statute of limitations applied to all actions concerning bodily injury regardless of the form of action brought. The *Andrianos* Court noted at 51, 97 N.E.2d at 552:

No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.

■ Thus, the limitation statutes are concerned with the nature or subject matter of the cause of action, even though the plaintiff may choose whether to sue for damages under a contract or under a tort theory.

The Court concluded at 53, 97 N.E.2d at 553:

In conclusion, Section 11224–1, General Code, is complete in itself and suggests no legislative intent to distinguish between bodily injuries directly and forcibly caused under circumstances where no contractual relationship exists between or among the persons concerned and those

resulting from a breach of contract. Until such time as the General Assembly sees fit to make such distinction by an enactment carrying appropriate language to accomplish that purpose, this court must accept and apply the statute as it exists, regardless of hardship to a particular litigant.

It is manifest from a perusal of the amended petition that this is an action for damages upon a claim for bodily injury. It was instituted after the expiration of two years from the date upon which liability arose, and it comes squarely within the two-year limitation prescribed by Section 11224–1, General Code.[1] (Footnote added)

Because § 2305.10 refers to injury to personal property as well as bodily injury, it is clear that the *Andrianos* case applies to both situations. *Farbach Chem. Co. v. Commercial Chem. Co.,* 101 Ohio App. 209, 211–12, 136 N.E.2d 363 (1956). *See generally,* 34 Ohio Jur.2d Limitation of Actions § 30 (1958).

The Ohio lower courts have developed Ohio case law since the *Andrianos* decision and have applied the limitation of § 2305.10 to cases where contracts have been involved, even to an oral bailment contract such as in the present case.

For example, the *Andrianos* case was followed, applying § 2305.10, in a case involving violations of a written car-rental agreement in which a rented automobile had been damaged. *National Car Rentals v. Allen,* 1 Ohio App.2d 321, 204 N.E.2d 554 (1964).

In *Bauman Chevrolet, Inc. v. Faust,* 66 Ohio Law Abs. 145, 113 N.E.2d 769 (Ct. of Common Pleas of Erie County 1953), the plaintiff sued for breach of an oral bailment contract for the bailee's alleged failure to return an automobile in as good condition and repair as when the bailee took possession thereof; the car had been damaged beyond repair. The Court relying on the *Andrianos* decision, applied the two-year statute of limitations under Section 11224–1 of the General Code (now § 2305.10) holding that "a cause of action for damages to personal property arising out of a bailment contract, is governed by [that statute]." *Id.* at 147, 113 N.E.2d at 771.

Moreover, this Court in the case of *Sears, Roebuck & Co. v. Cleveland Trust Co.,* 355 F.2d 705 (6th Cir. 1966), relied on the *Andrianos* decision and applied the statute of limitations under § 2305.10 to a lessee's contract suit for the lessor's alleged breach of its covenant to deliver a leased building to the lessee in good condition and repair, and for damages to personal property resulting therefrom. Among other things, the Court quoted the following from the District Court's decision in *Tomle v. New York Cent. R.R.,* 234 F.Supp. 101, 104 (N.D. Ohio 1964):

The *Andrianos* opinion continues on in language equally forceful and unequivocal to reinforce the Ohio Supreme Court's pronouncement that the two-year statute of limitations applies to any and all actions to recover for personal injuries. In light of the *Andrianos* decision, plaintiff's

---

1. The syllabus in the *Andrianos* case, which is the law of the case in Ohio, states:

1. A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.

2. Section 11224–1, General Code, providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort. The limitation is imposed on

the cause of action and the form in which the action is brought is immaterial.

3. Where a fare-paying passenger sustains bodily injury during his transportation by a common carrier of passengers and thereafter institutes an action against the carrier to recover damages for such injury and the results thereof based on a claimed breach of the implied contract for safe carriage, the two-year limitation for bringing an action prescribed by Section 11224–1, General Code, is controlling and not the six-year limitation contained in Section 11222, General Code, relating to an action on an implied contract.

contention that he is entitled to the benefit of the six-year statute must be rejected. (355 F.2d at 707)

*Cf. Mahalsky v. Salem Tool Co.,* 461 F.2d 581 (6th Cir. 1972) (two-year statute of limitations on injury to personal property applied to claim of express and implied warranties arising out of a sale of an alleged defective augering machine), and *Levin v. Bourne,* 117 Ohio App. 269, 192 N.E.2d 114 (1962) (§ 2305.10 applicable to automobile negligence suit against minor's parents for alleged bodily injuries).

In 34 Ohio Jur.2d *Limitation of Actions* § 31 (1958) it is stated, in part:

§ 31. Bailments. If a breach of a bailment contract by the bailee gives rise to a situation where the action may be brought either in tort or contract, the bailor may elect which remedy he will pursue. Irrespective of the remedy chosen by the bailor, however, where the purpose of the action is solely to recover damages for injury to personal property, such action is governed by the statute of limitations relating to the recovery of damages for injury to personal property, namely, the 2-year statute, and not those relating to recovery of damages for the breach of contract. [Footnotes omitted]

█ Therefore it is clear that § 2305.10 is applicable to an action arising out of a breach of an oral bailment contract, even where the breach occurred due to a fortuitous situation of fire, as here, and it is equally clear that the pivotal decision in this area of law is the *Andrianos* case.

█ In the present case the plaintiffs had the option to sue either under a tort theory for injury to Norton-Simon's and McCall's personal property, the rolled paper stock, or under a contract theory for breach of the oral bailment contract. Although the plaintiffs chose the latter option, this Court is bound, under the doctrine of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), by Ohio substantive law which applies the rule in *Andrianos* to suits for injury to personal property. It matters not that the case involves a large sum of money or that it will take time to investigate. Since the proof of loss was dated June 2, 1971 it appears that the insurer had plenty of time to investigate. Plaintiffs offered no proof that they could not, in the exercise of ordinary diligence, have filed within the two-year statutory period, the same type of short complaint which was filed in the present case.

█ Here the sole purpose of plaintiffs' lawsuit was to recover damages for the paper destroyed in the fire, and this Court holds that when the complaint is stripped of its legal terminology, plaintiffs' cause of action in substance and effect was one for recovery of injury to personal property, and not, as plaintiffs contend, for violation of rights in personal property or for violation of rights arising out of an injury to personal property.

This holding does not mean that in every case wherein personal property has been damaged a suit in contract may not lie which applies a limitation different from § 2305.10. *See, e. g., Schulz v. Allstate Ins. Co.,* 17 Ohio Misc. 83, 244 N.E.2d 546 (Ct. of Common Pleas of Franklin County 1968). There are various cases under Ohio law wherein the cause of action sounded in contract and in no way sought recovery for injuries to body or personal property or where recovery under a tort theory was incidental to the lawsuit. The following cases are examples of this principle and are distinguishable from both the case at bar and the *Andrianos* decision.

In *R. & H. Cartage Co. v. Fought,* 111 Ohio App. 230, 171 N.E.2d 369 (1960), the Court applied the fifteen-year statute of limitations in a suit for a breach of a contract of indemnity for negligence in making delivery of a cargo shipment (spoilage and delay in delivery). The subrogee had already paid the shipper for any losses, but the cause of action did not arise "until the refusal of the defendant to comply on demand under the terms of its contract" covering the shipment with the lessee. *Id.* at 232, 171 N.E.2d at 371.

In *Farbach Chem. Co. v. Commercial Chem. Co.,* 101 Ohio App. 209, 136 N.E.2d

363 (1956), the Court applied the six-year statute of limitations to a suit for an alleged breach of contract warranting good workmanship—the defendant allegedly failed to remove an offensive substance from brake fluid. The Court said at 213, 136 N.E.2d at 366:

> The language of Section 2305.10, Revised Code, implies [sic] a positive injury to the property, not a negative contractual failure to render a product harmless.

The latter situation was the circumstance in the *Farbach* case.

Lastly, the Court in *American Ins. Group v. McCowin,* 7 Ohio App.2d 62, 218 N.E.2d 746 (1966), applied the limitation in § 2305.-07, rather than the limitation in § 2305.10, in a suit between an employer's insurance carrier (subrogee) and an employee's administratrix because the cause of action rested upon an implied contract of indemnity pursuant to the doctrine of primary and secondary liability. The insurance company had paid damages to a third party for personal injuries sustained by that party caused by the employee's negligent operation of an automobile.[2]

*Cf. Val Decker Packing Co. v. Corn Prods. Sales Co.,* 411 F.2d 850 (6th Cir. 1969) (action for breach of implied warranty of merchantability or fitness for a particular purpose pursuant to a written sales contract governed by the four-year statute of limitations specifically provided for under the Ohio Uniform Commercial Code).

Plaintiffs also argue in the alternative that the cause of action here is based upon an implied contract of indemnity, and thus the six-year limitation in § 2305.07 is applicable. Plaintiffs rely generally on this Court's decision in *Ohio Cas. Ins. Co. v. Ford Motor Co.,* 502 F.2d 138 (6th Cir. 1974), which was an opinion by a divided Court.

In the *Ohio Casualty* case plaintiff insurance company paid damages to injured third parties who had suffered personal and property damages when the brakes on the insured's truck failed because of an alleged defect. The insurance company, as subrogee to the rights of the insured, then sued the automobile manufacturer upon an implied contract of indemnity. The insurance company claimed that it was secondarily liable for the wrongful injuries while the automobile manufacturer was primarily liable as the party who actually created the wrong. Because the settlement payments were all made more than two years before the suit for subrogation was filed, but, with one exception, within six years of the filing of the complaint, the issue arose over what statute of limitations applied to the cause of action. This Court ruled that the real purpose of the action was "to obtain indemnification for monies paid to the injured third persons who suffered the damage" rather than "to gain compensation for personal injury or property damage." *Id.* at 140. Thus the six-year limitation for contracts in § 2305.07 was held applicable "to an action for indemnification arising where a party secondarily liable has been compelled to pay damages that should have been borne by a party primarily *liable . . . .*" *Id.* at 141.

■ However, the situation here is different. As recognized by the District Court, plaintiffs have proceeded upon the theory of a breach of an oral bailment contract, and not as an action for indemnification. The real purpose of plaintiffs' action was to recover for injury to personalty. Moreover there is no primary-secondary liability involved in the present case. Lloyd's, as subrogee, has no rights greater than those of the insured, Norton-Simon and McCall. As noted by the Court in the Ohio Casualty case:

**2.** *But see Slick Airways, Inc. v. Reinert,* 114 Ohio App. 124, 175 N.E.2d 844 (1961), for a case which applied the statute of limitations for a contract action wherein a tort action was possible without discussing the *Andrianos* decision.

*See also Schiffman v. Itts,* 88 Ohio Law Abs. 389, 183 N.E.2d 423 (Ohio App.1961), wherein the Court refused to apply the two-year statute of limitations under § 2305.10 in a suit for a breach of a bailment contract because the defendant never affirmatively raised the defense of the statute of limitations.

Of course, the insurance company, as subrogee, has no greater rights against Ford—no longer time in which to commence an action—than the insured would have had if he, instead of the insurance company, had paid the claim and sued appellee for indemnification. 50 O.Jur.2d Subrogation § 26. (502 F.2d at 139) Because Norton-Simon and McCall were limited to the two-year limitation in § 2305.10, so also was Lloyd's.

We are of the opinion that the Supreme Court of Ohio would adhere to its decision in *Andrianos,* and approve the subsequent appellate decisions applying it to personal property damage. *Cf. United States Fidelity & Guar. Co. v. Truck & Concrete Equip. Co.,* 21 Ohio St.2d 244, 257 N.E.2d 380 (1970).

For the reasons stated above, plaintiffs were barred from bringing their cause of action because of the running of the two-year statute of limitations in § 2305.10, and thus their cause of action was properly dismissed. The judgment of the District Court is affirmed.