MILLS, APPELLANT, *v.* LIBERTY MOVING & STORAGE, INC., APPELLEE.

(No. 84AP-715—Decided November 21, 1985.)

*Smith, Clark & Holzapfel* and *John E. Holzapfel,* for appellant.

*Joseph J. Barone,* for appellee.

---

MOYER, J. This case is before us upon the appeal of plaintiff-appellant, Harriet Mills, from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Liberty Moving & Storage, Inc. ("Liberty Moving"), dismissing Mills' complaint as barred by the statute of limitations, R.C. 2305.10.

The sole issue on appeal is whether the two-year statute of limitations of R.C. 2305.10 or the fifteen-year statute of limitations of R.C. 2305.06 applies to this action, which arises from a bailment contract between the parties.

Mills alleged that she stored various items of personal property with Liberty Moving July 13 and July 22, 1976. After having some items sent to auction, Mills requested in April 1977 that all remaining items be delivered to her new home in California. Mills received from Liberty Moving most, but not all, of the remaining items, some of which were allegedly damaged by mildew. Mills filed suit May 6, 1982 to recover for damages to the delivered property and for loss of her undelivered personal property.

The trial court granted Liberty Moving's motion to dismiss Mills' complaint as barred by the statute of limitations provided in R.C. 2305.10.

Mills appeals only the part of the judgment denying recovery for the loss of goods which remain undelivered with one assignment of error, which states:

"The judgment is contrary to law."

The test for dismissal of a complaint for failure to state a claim is set forth in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus, as follows:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." (Citation omitted.)

Mills argues, in essence, that she has elected to press her cause upon a contract theory, grounded upon a written contract of bailment, and not upon a tort theory, and is thus entitled to the longer statute of limitations period for contract actions found in R.C. 2305.06.

R.C. 2305.06 states:

"* * * [A]n action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Liberty Moving argues that the two-year statute of limitations of R.C. 2305.10 applies to both injury and loss to personal property, regardless of how Mills styles her complaint, and that her action is therefore barred.

R.C. 2305.10 states, in pertinent part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

It is the inherent nature of the suit, not the characterization of the suit, which determines the applicable statute of limitations. *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72], paragraph two of the syllabus.

As a result, where the essence of a complaint has been *injury* to persons or property, R.C. 2305.10 has been applied to contract actions for damages for bodily injury, *Andrianos* v. *Community Traction Co., supra;* to contract actions for injury to bailed property, *National Car Rentals* v. *Allen* (1964), 1 Ohio App. 2d 321 [30 O.O.2d 316] and *Bauman Chevrolet, Inc.* v. *Faust* (C.P. 1953), 66 Ohio Law Abs. 145; and to actions seeking damages for injury resulting in complete destruction of the bailed property, *Underwriters at Lloyd's* v. *Peerless Storage Co.* (C.A.6, 1977), 561 F.2d 20.

However, not every case in which personal property is damaged requires application of the statute of limitations of R.C. 2305.10. See *Underwriters at Lloyd's* v. *Peerless Storage Co., supra,* at 24-25.

It is necessary, therefore, to clearly define the bailment relationship and the precise nature of the cause of action sued upon by Mills.

The bailment relationship alleged between Mills and Liberty Moving is a mutual benefit bailment. A mutual benefit bailment is defined as a bailment arising by operation of law or express contract, which exists where personal property is delivered by the owner to another person. Both parties benefit in the exchange.

Where goods are stored for a fee, the bailor pays consideration in exchange for the bailee's promises to care for and redeliver the bailed goods in the condition in which they were left. Thus, the bailee is under a duty to exercise ordinary care in protecting and keeping safe the bailed goods, *Aetna Cas. & Surety Co.* v. *Woody Sander Ford* (1969), 21 Ohio App. 2d 62, 65 [50 O.O. 2d 107] and is liable for nondelivery of the subject of bailment. A bailee, however, is excused for loss of the goods by theft or fire if the goods have been lost without fault or lack of due care on the part of the bailee. See *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275 [29 O.O. 426]; *David* v. *Lose* (1966), 7 Ohio St. 2d 97, 99-100 [36 O.O. 2d 81].

The common-law duty of care has been codified in R.C. 1307.09(A), which states:

"A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care."

The common-law duty to redeliver bailed property, and excuses for failure to do so, are codified in R.C. 1307.27(A), which states, in part:

"(A) The bailee must deliver the goods * * * unless and to the extent that the bailee establishes any of the following:

"* * *

"(2) damage to or delay, loss, or destruction of the goods for which the bailee is not liable * * *."

"Warehousemen" is defined in R.C. 1307.01(A)(8) as: "* * * a person engaged in the business of storing of goods * * *," and "goods" is defined in R.C. 1307.01(A)(6) as: "* * * all things which are treated as removable for the purposes of a contract of storage or transportation."

R.C. Chapter 1307, however, is silent as to remedies and also includes no statute of limitations. General statutes of limitations are therefore applicable to any common-law remedy sought. Codification of the warehouseman's common-law duties does not bring the right of action within the scope of the statute of limitations of R.C. 2305.07 which pertains to liability created by statute. See *Hartford Accident & Indemn. Co.* v. *Procter & Gamble Co.* (1952), 91 Ohio App. 573 [49 O.O. 159], paragraph three of the syllabus.

By its plain meaning, R.C. 2305.10 encompasses only *injury* to property. Where the General Assembly has intended to include both injury and *loss* of property within the scope of its legislation, it has done so expressly, as in R.C. 1307.09 and 1307.27 where a warehouseman's duty of care and liability for injury or loss to goods is specified.

The law of bailment has made a distinction which separates tort from contract. A bailee's liability for positive acts of negligence causing direct injury to bailed property is to be distinguished from merely a contractual failure to act. *Farbach Chemical Co.* v. *Commercial Chemical Co.* (1956), 101 Ohio App. 209 [1 O.O. 2d 146]. In that case, the two-year statute of limitations of R.C. 2305.10 was found inapplicable to a contractual failure to return the goods in the form requested. The court found that application of R.C. 2305.10 implies

a positive, direct injury to a plaintiff's property.

By analogy, a bailee's liability for conversion is predicated upon a positive act of dominion wrongly exercised over the personal property of another in denial of or inconsistent with the owner's rights. *Aetna Cas. & Surety Co.* v. *Higbee Co.* (1947), 80 Ohio App. 437, 443-444 [36 O.O. 188]. However, conversion is a separately defined cause of action, and mere negligence of a bailee in caring for bailed property does not amount to willful taking necessary to constitute conversion. *United States Fire Ins. Co.* v. *Paramount Fur Service, Inc.* (1959), 168 Ohio St. 431 [7 O.O.2d 267], paragraph two of the syllabus; 1 Restatement of the Law 2d, Torts (1965) 437, Section 224, Comment *b.*

Thus, the basis for recovery for damages for injury to property or for conversion is in essence the tortious conduct of the bailee, not the bailment contract. Neither recovery is sought by Mills.

Reasons for the failure to deliver Mills' property are not in the complaint. Such facts are within the control of Liberty Moving. Without those facts, Mills is not able to allege any positive act of conversion or negligence in care of her goods. Thus, Mills has chosen the only avenue available to her, a theory of breach of contract. She has not sought to couch a tort cause of action in contract terms, and the principle of *Andrianos* v. *Community Traction Co., supra,* cannot be applied to foreclose her suit at this juncture.

Mills' cause of action is upon a contract of bailment. As a matter of law, such contracts impose two duties upon the bailee in consideration for the bailor's payment of a storage fee. The essential nature of Mills' claim is a breach of promise to redeliver her property, *i.e.,* a contractual failure to perform. The bailee's duty of care, although expressed in traditionally tort terms, arises from contract. On its face, Mills' complaint states a cause of action. Mills has alleged a set of facts which, if true, would entitle her to recovery in contract.

Mills' complaint has alleged a prima facie case against Liberty Moving in an action sounding in contract by pleading (1) the existence of a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver bailed property at the termination of the bailment. If these three elements are satisfied, a prima facie case of want of due care is established, *i.e.,* an inference of negligence, and the burden of going forward with the evidence is shifted to the bailee to explain his failure to redeliver. *David* v. *Lose, supra,* at paragraphs one and two of the syllabus; *Riggs* v. *Taylor* (1958), 168 Ohio St. 276, 278 [6 O.O. 2d 483]; *Agricultural Ins. Co.* v. *Constantine, supra,* at paragraph four of the syllabus.

If, on remand, Mills presents a prima facie case of breach of contract, inferring a want of due care, and the facts indicate merely that Mills' goods were lost, the issue is not whether plaintiff has established negligence, but whether Liberty Moving has satisfied its burden of going forward with the evidence or has established a legal excuse (exercise of reasonable care) for its breach of duty of redelivery. *David* v. *Lose, supra,* at 100. In such circumstances, the action is one solely in contract governed by the contract statutes of limitations, here, R.C. 2305.06.

We distinguish the recent case of *Ohio Assn. of Public School Employees* v. *Liberty Moving & Storage, Inc.* (Dec. 20, 1984), Franklin App. No. 84AP-605, unreported, in which we held that it was unnecessary for the court to decide which statute of limitations, R.C. 2305.10 (two years) or R.C. 2305.09 (four years), would apply to that action because, in either case, the right of action expired before the plaintiff filed

suit. The plaintiff's choice of theory upon which to proceed was the basis upon which the trial court's decision was predicated and upon which our review was mandated. Cf. *O'Donnell v. Security Storage Co.* (Apr. 27, 1983), Hamilton App. No. C-820320, unreported, at 4-6.

Liberty Moving also argues that Mills' complaint does not clearly state the relief sought, mixing damages sought for injury to property with damages sought for failure to return property.

The point is not well-taken. Paragraph three of the complaint indicates that Mills seeks damages for nondelivery of certain items in the amount of $3,900.

Because the plaintiff has pleaded a case sounding in contract, it was error for the trial court to dismiss the cause of action as barred by the two-year statute of limitations of R.C. 2305.10.

Accordingly, Mills' assignment of error is sustained and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

NORRIS and GREY, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.