OPINION
Plaintiff St. Paul Company Commercial Recovery Service appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of defendant Carl Linder d.b.a. Linder Excavating on statute of limitations grounds. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT SHOULD NOT HAVE GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Appellant insured Coon Caulking and Sealants, Inc. Coon contracted with appellee to transport some equipment, which was destroyed in transit. Appellant paid Coon the policy maximum, and brought suit against appellee in subrogation. Appellant alleged it was misinformed by appellee and believed the accident had occurred on September 8, 1997. Appellant filed its action against appellee on September 8, 1999. Attached to the motion for summary judgment is a certified copy of an accident report form showing the date of the accident to be September 4, 1997, although the citation against the driver was filed September 8, 1997. Appellee asserts it was appellant's agent who misstated the date of the accident. Civ.R. 56 (C) states: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellant urges the trial court erred both as a matter of law in applying the incorrect statute of limitations, and also because the case presents issues of material fact. Appellant first alleges appellee should not have been permitted to defend using the statute of limitations because appellee misrepresented the date of the accident as being September 8, 1997. Appellant urges it was entitled to rely on the misstatement because appellee was in the best position to determine the date. Thus, appellant urges appellee was estopped from raising the issue of statute of limitations. Appellee submitted a transcription of a taped interview its agent conducted with appellee Carl Linder. The alleged material misrepresentation of fact occurred when appellant's agent stated ". . . I understand that, uh, under the incident in question, uh, on September, uh, September 8, 1997, you were hauling a load for uh, Coon Caulking . . ." Appellee responded, "Yes." Appellee urges this exchange clearly demonstrates it was not appellee, but rather appellant that misunderstood the date of the accident. Documents generated by the Commonwealth of Pennsylvania regarding the accident clearly report the date as September 4. The trial court's judgment entry found appellant's estoppel argument to be without merit. We agree. In order to assert the Doctrine of Equitable Estoppel, appellant must show: 1. The defendant made a factual misrepresentation. 2. The misrepresentation was misleading. 3. The misrepresentation induced actual reliance which was reasonable and in good faith; 4. The misrepresentation caused detriment to the party who relied on. See First Federal Savings Loan Association v. Perry's Landing, Inc. (1983), 11 Ohio App.3d 135. We agree with the trial court that reasonable minds could come to only one conclusion on the undisputed facts of this case, and that conclusion is adverse to appellant. We find the trial court did not err in refusing to apply the Doctrine of Equitable Estoppel. Appellant urges the trial court erred as a matter of law in applying the two-year statute of limitations contained in R.C. 2105.10, for negligence, instead of six or fifteen statute of limitations for breach of contract. Appellant argued appellee was a bailee of Coon Caulking Equipment. The contract between appellee and Coon provided appellee would move the equipment from Pennsylvania to Ohio. Appellant argues an implied term of the contract is that appellee would exercise ordinary care in transporting the equipment and the equipment would arrive in usable condition. Appellant urges appellee breached the contract when its driver operated his vehicle negligently, resulting in the loss of the equipment. The trial court found the relationship between the parties is not a bailment, and the underlying action sounds in tort for negligence, rather than for breach of contract. In Farbach Chemical Company v. Commercial Chemical Company (1956), 101 Ohio App. 209, the Court of Appeals for Hamilton County held a statute of limitations applies to the cause of action, not on the form on which the action is brought. If the action is for injury of a person or the loss incident thereto, then the statute of limitations for tort applies, rather than for contract. Likewise, in Androanos v. Community Traction Company (1951), 155 Ohio St. 47, the Ohio Supreme held a statute which limits the time within which an action may be brought for injuries to a person, that statute governs all actions for recovery for injury to the person, whether they are based in contract, or tort. In Hambleton v. R.G. Barry Corporation (1984), 12 Ohio St.3d 179, the Ohio Supreme Court reaffirmed its holding that the grounds for the action is the determinative factor, rather than the form in which the action is pleaded. For this reason, it appears immaterial whether there was a bailment contract between Coon and appellee. This action is for recovery for negligent damage of the property, and R.C. 2305.10
applies. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur