Morton S. NEGIN, Plaintiff,

v.

CITY OF MENTOR, OHIO, et al., Defendants.

No. C 82–1584.

United States District Court, N.D. Ohio, E.D.

Feb. 6, 1985.

Morton S. Negin, of Negin & Negin, Cleveland, Ohio, pro se.

Daniel F. Richards of Wiles, Richards & Bates, Willoughby, Ohio, for defendants.

## MEMORANDUM OPINION
## AND ORDER

LAMBROS, District Judge.

Plaintiff Morton S. Negin alleges that defendants violated his constitutional rights by denying him a building permit and several zoning variances. Presently before this Court are plaintiff's motion for partial summary judgment on the issue of liability and defendants' motion for summary judgment. *See* Fed.R.Civ.P. 56(c).

Plaintiff Negin owns a parcel of land located at 728 Deerborn Avenue in Mentor, Ohio. (Lot 728). In 1978 plaintiff asked defendant Mentor Board of Building and Zoning Appeals (Board) to declare lot 728 buildable and to grant him several variances. Ultimately the Board denied his requests on the grounds that lot 728 was not sufficiently large to be declared buildable under Mentor City Ordinance § 150.176.

Pursuant to Ohio Rev.Code § 2506.01 plaintiff appealed the Board's decision to the Court of Common Pleas for Lake County, Ohio. The Court affirmed the Board's decision. The Ohio Court of Appeals, however, reversed the Court of Common Pleas' decision on the grounds that, as applied to Negin, Mentor City Ordinance § 156.176 was unconstitutional. *Negin v. Board of Building and Zoning Appeals*, No. 7–242 (Ohio App., 11th Dist., December 31, 1980). The Ohio Supreme Court affirmed the Court of Appeals' decision. *Negin v. Board of Building and Zoning Appeals*, 69 Ohio St.2d 492, 433 N.E.2d 165 (1982). The Supreme Court articulated its rationale for holding Mentor City Ordinance § 150.-176 unconstitutional:

> The requirement of a municipal ordinance that a landowner purchase additional property before he is permitted to improve a substantial lot, which was platted and held in single and separate ownership prior to the enactment of the ordinance renders that lot useless for any practical purpose.... The rendering of such a lot useless for any practical purpose goes beyond a mere limitation and becomes a confiscation.... [W]e hold that Section 150.176 of the Mentor Code of Ordinances as applied to the appellee

has no reasonable relationship to the legitimate exercise of the police power by the City of Mentor. Accordingly, the judgment of the Court of Appeals is affirmed.

69 Ohio St.2d at 496–97, 433 N.E.2d at 169.

Plaintiff asserts that the Ohio Supreme Court's *Negin* decision precludes defendants from relitigating the issue of whether they violated plaintiff's constitutional rights. Plaintiff argues that this estoppel removes from this case the issue of defendants' liability leaving only the question of the amount of damages plaintiff suffered as a result of defendants' unconstitutional conduct.

■ The preclusive effect of state court judgments in section 1983 proceedings is governed by the Full Faith and Credit Statute, 28 U.S.C. § 1738. *See Haring v. Prosise*, 462 U.S. 306, 310, 103 S.Ct. 2368, 2371, 76 L.Ed.2d 595, 603 (1983). Section 1738 provides, in pertinent part, "judicial proceedings of any court of any ... state ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the Courts of such State." Under section 1738, a federal district court must grant a state judgment the same preclusive effect as would the courts of the state in which the judgment was rendered. *See Migra v. Board of Education*, —— U.S. ——, ——, 104 S.Ct. 892, 895, 79 L.Ed.2d 56, 61 (1984).

Plaintiff argues that, under Ohio law, the doctrine of collateral estoppel precludes defendants from relitigating the question of whether plaintiff's constitutional rights were violated. The Ohio Supreme Court defined the doctrine of collateral estoppel in *Hicks v. DeLaCruz*, 52 Ohio St.2d 71, 369 N.E.2d 776 (1977) (per curiam):

> if an issue of fact or law is actually litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in [a] subsequent action between the parties, whether on the same or a different claim.

52 Ohio St.2d at 74, 369 N.E.2d at 777.

■ Defendants assert that strict construction of the doctrine compels this Court

**1504**

to deny collateral estoppel effect to the *Negin* decision because that decision did not resolve precisely the same issues raised by this case. For example, the Ohio Supreme Court did not expressly hold that defendants deprived plaintiff of property without due process of law. Instead, the Court held only that the Board's conduct had "no reasonable relationship to the legitimate exercise of the police power." *Negin*, 69 Ohio St.2d at 496–97, 433 N.E.2d at 169. The Court's opinion, however, echoes language employed routinely by the United States Supreme Court when considering whether a particular law comports with the Due Process Clause. *See, e.g., Williamson v. Lee Optical, Inc.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955). Moreover, in *Negin*, 69 Ohio St.2d at 496–97, 433 N.E.2d at 169, the Court cited in support of its decision *State ex rel. Killeen Realty Co. v. City of East Cleveland*, 169 Ohio St. 375, 160 N.E.2d 1 (1959), wherein the Court held that an unreasonable denial of a variance "constitutes a taking of property without due process of law." 169 Ohio St. at 388, 160 N.E.2d at 9. In light of the record in this case and the relevant authorities, this Court holds that the Ohio Supreme Court's *Negin* decision estops defendants from relitigating the issue of whether they deprived plaintiff of property without due process of law. Before this Court can enter partial summary judgment in favor of plaintiff, however, it must address a number of issues raised by defendants.

■ Defendants have moved for summary judgment on the grounds that plaintiff has failed to state a claim upon which relief can be granted. Defendants assert that in order to recover for an unconstitutional property deprivation plaintiff must show that the "available state procedures were not adequate to compensate him for the deprivation." Brief in Support of Defendants' Motion for Summary Judgment at 2. In support of this contention defendants cite, *inter alia, Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt* the Supreme Court held that a state prisoner had failed to allege a deprivation of property without due process of

law because the property deprivation he claimed resulted from an *isolated* negligent act by a state official for which the state provided an adequate post-deprivation remedy. *Id.* at 544, 101 S.Ct. at 1917.

The *Parratt* court cautioned that its holding would not bar a § 1983 action in which the plaintiff alleged a property deprivation which occurred "as a result of some established state procedure." *Id.* at 543, 101 S.Ct. at 1917. The Court invoked this limitation in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982), and held that a section 1983 plaintiff had stated a claim for relief because he alleged that he had been deprived of property through the operation of an unconstitutional state adjudicatory procedure. *See also Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir.1983) (noting *Parratt* exception); *cf. Millstein v. City of Mayfield Heights*, No. C 82–1522 (N.D.Ohio, February 29, 1984) (dismissing under *Parratt* § 1983 action involving isolated act by Mayor who had revoked plaintiff's building permit). Plaintiff claims that defendants deprived him of property without due process of law by enforcing Mentor City Ordinance § 150.176. The *Parratt* Court envisioned that such claims would survive its decision; the *Logan* court enforced that vision. In light of these decisions, this Court holds that plaintiff has stated a claim upon which relief can be granted under section 1983.

■ Defendants also contend that plaintiff's suit is precluded by the doctrine of merger. As defined by Ohio's courts, the doctrine of merger precludes a plaintiff from raising claims which "could have been litigated" in a prior action. *Stromberg v. Board of Education*, 64 Ohio St.2d 98, 100, 413 N.E.2d 1184, 1186 (1980) (per curiam). Defendants contend that plaintiff is barred from seeking damages in this case because he could have sought damages when he challenged the Board's decision before Ohio's courts. This argument lacks merit because plaintiff could not have obtained damages in the prior state proceedings. Those proceedings involved an appeal of an

administrative decision pursuant to Ohio Rev.Code § 2506.01. Section 2506.01 does not empower state courts to award damages for injuries suffered as a result of erroneous administrative decisions. Given the limited nature of the prior state proceedings, this Court holds that this case involves a separate cause of action and consequently plaintiff is not precluded from seeking damages in this case. *Cf. Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 246, 431 N.E.2d 672, 676 (1982) (plaintiff's failure to raise *available* constitutional defense in prior injunction action barred it from obtaining declaratory judgment that zoning ordinance was unconstitutional).

Finally, the Board's members assert that they are personally immune from liability under section 1983. This defense is well taken. In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. At the time the Board members denied plaintiff Negin's requests they could not reasonably have been expected to recognize that, as applied to Negin, Mentor City Ordinance § 150.156 was unconstitutional; it required a subsequent decision by the Ohio Supreme Court to make that legal determination. The umbrella of immunity enjoyed by the individual board members does not extend to the Board as an entity or to the City. In *Owen v. City of Independence,* 445 U.S. 622, 657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980), the Supreme Court held that municipal entities are not protected by the doctrine of qualified immunity.

After reviewing all of defendants' arguments, this Court holds that by invoking the Ohio Supreme Court's decision in *Negin v. Board of Building and Zoning Appeals,* 69 Ohio St.2d 492, 433 N.E.2d 165 (1982), plaintiff has conclusively established that defendants deprived him of property without due process of law. Given this violation and the liability of defendants City of Mentor and the Board for constitutional violations, plaintiff may recover damages from these defendants if he proves that their unconstitutional conduct caused him financial injury. Accordingly, partial summary judgment is hereby entered in favor of plaintiff Negin and against the Board and the City of Mentor. Having established that they are personally immune from damages in this action, summary judgment is hereby entered in favor of defendant Board members and against plaintiff Negin.

To preserve momentum, this order sets forth directions for the conclusion of this case. Discovery in this case shall be completed by March 1, 1985. Any remaining motions shall be filed by March 15, 1985. This action shall proceed to summary jury trial solely on the issue of damages on April 8, 1985 at 9:00 a.m. in Room 117 of the United States Courthouse, Cleveland, Ohio. A post summary jury trial conference will be held on April 15, 1985 at 11:00 a.m. in Room 106, United States Courthouse. The parties should consider the possibility of consenting to a binding summary jury trial. This would obviate the need for a formal jury trial while providing a just, expedient, and inexpensive means of resolving this dispute.

If necessary, this case shall proceed to jury trial on April 27, 1985 at 9:00 a.m. in Room 117 of the United States Courthouse. To prepare for jury trial the parties shall meet no later than April 15, 1985 to draft a proposed pretrial order concerning the following matters:

1) Identification of witnesses and marking of exhibits;

2) stipulations as to the authenticity and admissability of documentary evidence;

3) presentation and order of proof at trial;

4) restrictions on the number of witnesses or documents concerning any specific subject;

5) limitations on the length of direct and cross-examination.

In addition to preparing the above described proposed pretrial order, counsel for each party shall submit no later than April 17, 1985 written narrative summaries of the testimony of all witnesses they intend to call at trial. These summaries should be designed so that, after a brief series of introductory questions, witnesses called on direct examination may provide all of their testimony by reading their testimonial narratives into the record. These summaries will be sworn evidence. They should be concise and factual rather than conclusory and argumentative. I have found that such summaries, when available in advance of trial, expose potentially objectionable areas of testimony which may then be ruled on without interrupting the trial. Summaries are also valuable because the process of their preparation tends to distill out the essence of each witness's testimony.

All of these measures are intended to improve the quality of pretrial preparation and thereby enhance the quality of trial presentation. Efficient and high quality pretrial preparation and effective trial presentation serve the best interests of litigants, courts, and society and are, therefore, litigational imperatives.

IT IS SO ORDERED.

## JUDGMENT

In accordance with the memorandum opinion and order of this date, partial summary judgment as to liability is hereby entered in favor of plaintiff Negin and against defendants City of Mentor and Mentor Board of Building and Zoning Appeals. Plaintiff's claims against these defendants shall proceed to trial on the question of whether their unconstitutional conduct caused plaintiff financial injury. Summary judgment is hereby entered in favor of the individual Board members and against plaintiff because the Board members are personally immune from liability in this case.

IT IS SO ORDERED.