[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 357.]

TRUMBULL COUNTY BOARD OF HEALTH, APPELLANT AND CROSS-APPELLEE, *v.*
SNYDER, APPELLEE AND CROSS-APPELLANT.

**[Cite as *Trumbull Cty. Bd. of Health v. Snyder*, 1996-Ohio-314.]**

*Health and safety—Regulation of construction and demolition debris facilities—*
*Trumbull County not authorized to enact rules and regulations governing*
*the licensing and operation of construction and demolition debris*
*facilities within its jurisdictional boundaries—R.C. Chapter 3714,*
*construed and applied.*

(No. 94-1477—Submitted October 10, 1995—Decided January 17, 1996.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Trumbull County, No.
93-T-4899.

————————————

{¶ 1} On July 24, 1990, the Ohio General Assembly enacted Am.Sub.H.B.
No. 366, which is codified as R.C. Chapter 3714. This statute granted jurisdiction
to regulate the licensing and operation of construction and demolition debris
disposal facilities to the Ohio Environmental Protection Agency ("Ohio EPA") and
to boards of health that are on the "approved list." (R.C. 3714.02 and 3714.05.)
Robert Snyder operates a landfill facility in Trumbull County which accepts
construction and demolition debris and which is within the jurisdictional
boundaries of the Trumbull County Board of Health ("Trumbull County").

{¶ 2} R.C. 3714.02 required the Director of Environmental Protection
("Director") to adopt rules governing construction and demolition debris facilities
by July 24, 1991. The Director had not adopted any such rules prior to the initiation
of this suit. On October 24, 1991, Trumbull County issued rules, including
licensing requirements, governing construction and demolition debris disposal

facilities. When Trumbull County issued these rules it was not on the "approved list."

{¶ 3} Prompted by a citizen complaint, Trumbull County investigated Snyder's landfill facility in December 1991. Trumbull County determined that Snyder was operating a construction and demolition debris facility and that Snyder did not have a license for the facility in accordance with the rules of Trumbull County. In January 1992, Trumbull County notified Snyder of its rules and licensing requirements and ordered him to discontinue operations at the landfill facility. He neither complied with the order nor attempted to obtain the required license.

{¶ 4} Due to the continuing violations of its rules and licensing requirements, Trumbull County obtained and executed a search warrant which necessitated digging up parts of the facility. During a search of Snyder's facility in July 1992, Trumbull County discovered construction and demolition debris and solid waste. On October 21, 1992, Trumbull County filed suit seeking to enjoin Snyder from accepting construction and demolition debris and solid waste. At a preliminary injunction hearing on November 23, 1992, Snyder stipulated to the entry of an injunction prohibiting his facility from accepting solid waste. The next day, a preliminary injunction was issued prohibiting Snyder's facility from accepting construction and demolition debris.

{¶ 5} On May 12, 1993, the trial court issued a permanent injunction prohibiting Snyder's facility from accepting construction and demolition debris and dismissed Snyder's counterclaims for inverse condemnation and damages. The trial court found that Trumbull County had authority to establish rules governing the operation of a construction and demolition debris facility. The trial court also found that the presence of construction and demolition debris, solid waste, and water samples which contained contaminates constituted a nuisance. Snyder

appealed these findings and the dismissal of his counterclaims to the Trumbull County Court of Appeals.

{¶ 6} On May 31, 1994, the court of appeals reversed the judgment of the trial court. The court held that Trumbull County did not have authority to enact "rules and regulations governing the licensing of a construction and demolition debris [disposal] facility," citing R.C. 3709.21 and Section 4 of Am.Sub.H.B. No. 366. The court also reversed the trial court's finding of nuisance, stating that there was no evidence that construction and demolition debris created the nuisance. (There was already an injunction prohibiting the acceptance of solid waste.) Given these holdings, the court held that Snyder's counterclaim for damages must be considered upon remand to the trial court. The court affirmed the trial court's dismissal of Snyder's counterclaim for inverse condemnation.

{¶ 7} The cause is now before this court pursuant to the allowance of a discretionary appeal and cross-appeal.

_____

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *Thomas P. Gysegem*, Assistant Prosecuting Attorney, for appellant and cross-appellee.

*Guarnieri & Secrest* and *Michael D. Rossi*, for appellee and cross-appellant.

_____

**WRIGHT, J.**

{¶ 8} The first issue is whether, in October 1991, Trumbull County was authorized to enact rules and regulations governing the licensing and operation of construction and demolition debris facilities within its jurisdictional boundaries. We conclude that Trumbull County did not have such authority and affirm that portion of the court of appeals' decision.

{¶ 9} In holding that Trumbull County was not authorized to regulate construction and demolition debris facilities, the court of appeals relied on the

language of Section 4 of Am.Sub.H.B. No.366 (see Section 3 of Sub.H.B. No. 685, effective March 30, 1995), which states:

"Rules adopted by a board of health under section 3709.20 or 3709.21 of the Revised Code governing disposal of construction and demolition debris and facilities therefor that are in effect on [July 24, 1990] shall remain in effect within the boundaries of the health district until they are superseded by the rules adopted under section 3714.02 of the Revised Code ***."

{¶ 10} On its face this language says nothing about the authority of a board of health to pass rules after July 24, 1990. It speaks only of the continuing validity of previously enacted rules. Further, this language references statutes that address the general powers of health districts, not their specific power to regulate construction and demolition debris facilities. R.C. 3709.20 and 3709.21. Nevertheless, the court of appeals inferred that the legislature intended this language to impliedly revoke authority previously granted to general health district boards of health under the general grant of power in R.C. 3709.21. It is unnecessary to rely on this language.

{¶ 11} R.C. Chapter 3714 specifically addresses the regulation of construction and demolition debris facilities. We, therefore, rely upon it to determine this issue, since it is well established that specific statutory provisions prevail over conflicting general statutes. *Springdale v. CSX Ry. Corp.* (1994), 68 Ohio St.3d 371, 376, 627 N.E.2d 534, 537-538, citing *State v. Volpe* (1988), 38 Ohio St.3d 191, 193, 527 N.E.2d 818, 820. The statute granted authority to the Director of Environmental Protection to adopt, amend and rescind rules governing the licensing and inspection of construction and demolition debris facilities. R.C. 3714.02. In addition, certain boards of health, those on the "approved list," were granted authority to regulate the licensing and inspection of construction and demolition debris facilities. R.C. 3714.05. Trumbull County was not on the "approved list" in October 1991. Thus, Trumbull County was not authorized under

either R.C. 3714.02 or 3714.05 to enact rules and regulations governing construction and demolition debris facilities when it so acted in October 1991. Trumbull County has not brought to our attention, nor have we discovered, any other statute that would authorize Trumbull County to do so.

{¶ 12} R.C. 3714.05 further states that the Director "shall provide for the inspection and licensing of construction and demolition debris facilities *** in health districts that are not on the approved list." The import of this statutory language is clear -- a board of health either is or is not on the "approved list." If a board of health is on the list, it is authorized to regulate construction and demolition debris facilities; if it is not on the list, it is not so authorized.

{¶ 13} In health districts where the board of health is not on the approved list, the Director is responsible for establishing and enforcing rules and regulations governing construction and demolition debris facilities. R.C. 3714.05. Thus, though Trumbull County was not authorized to regulate construction and demolition debris facilities, it had at least three alternative methods available for protecting its inhabitants: Trumbull County could have asked the Director to place it on the "approved list," asked the Director to regulate for it, or sought relief for "nuisance."

{¶ 14} The second issue is whether the court of appeals properly reversed, as against the manifest weight of the evidence, the trial court's finding that Snyder's acceptance of construction and demolition debris constituted a nuisance. The court of appeals found that there was no showing that construction and demolition debris, as opposed to solid waste, caused the nuisance. The court of appeals also determined that it could not consider testimony regarding the factors of noise and dust because the trial court did not rely on these factors in its finding. That latter determination was error.

{¶ 15} Under our Appellate Rules, when reversing a trial court's decision as against the manifest weight of the evidence, a court of appeals has two options.

It can review the record to determine whether the trial court's findings are supported by any evidence contained in the record and render a decision. App. R. 12(C). Alternatively, a court of appeals can reverse the trial court's decision and remand to the lower court for further proceedings. App. R. 12(C). Thus, the court of appeals had the authority to examine the record for any evidence that justified the finding of the trial court. Since the noise and dust testimony may have been sufficient to justify the trial court's finding of nuisance, the court of appeals could and should have considered it. Accordingly, we reverse in part and remand this issue to the trial court for further consideration.

{¶ 16} The third issue is Snyder's claim of inverse condemnation. This claim was dismissed by the court of appeals as moot given its holding that the permanent injunction issued against Snyder should be vacated. Since Snyder was, at a minimum, temporarily deprived of the use of his land as a construction and demolition debris facility, we do not agree that the claim is moot. We nevertheless find this claim to be unavailing because Snyder was not deprived of all economic use of his land. *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. __, 112 S.Ct. 2886, 120 L.Ed.2d 798.

{¶ 17} The final issue is Snyder's claim for damages. Trumbull County's entry onto and search of Snyder's land necessitated digging up parts of the facility. Snyder sought restoration damages. The trial court dismissed this claim. The court of appeals held that the claim should be considered by the trial court upon remand. We agree and remand the claim for damages to the trial court for reconsideration in conjunction with its reconsideration of the nuisance issue.

*Judgment affirmed in part,*

*reversed in part*

*and cause remanded.*

M<small>OYER</small>, C.J., R<small>ESNICK</small>, F.E. S<small>WEENEY</small> and C<small>OOK</small>, JJ., concur

DOUGLAS, J.,concurs in judgment only.

PFEIFER, J., dissents.

_____