LOOMAN et al., Appellants,

v.

BELL–HERON MIDDLE SCHOOL et al., Appellees.

[Cite as *Looman v. Bell–Heron Middle School* (1998), 129 Ohio App.3d 39.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 690.

Decided July 7, 1998.

*George D. Mallo, C. William Goodlet* and *Rex E. Payne,* for appellants.

*Constant A. Prassinos* and *Renee LaCivita,* for appellees.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Carroll County Common Pleas Court, granting the motion for summary judgment filed by defendants-appellees, Bell–Heron Middle School and Carrollton Board of Education.

Angela C. Looman was a sixteen-year-old student in appellees' school district and allegedly sustained injuries on April 15, 1993 when she fell through the stage during rehearsal for a school play. On January 24, 1997, plaintiffs-appellants, Angela C. Looman and Barbara A. Looman, filed a complaint against appellees, alleging that they had negligently and recklessly maintained the stage, thereby creating a dangerous condition. In addition to the claim made by Angela C. Looman for personal injuries, Barbara A. Looman, her mother, made claims for medical expenses paid on behalf of Angela and the loss of Angela's services.

Appellees filed an answer to appellants' complaint on March 6, 1997, asserting that they were immune from liability pursuant to R.C. Chapter 2744 and that all claims brought by appellants were barred by the applicable statute of limitations. Following a pretrial conference, appellees filed a motion for summary judgment. Appellants responded by filing a brief in opposition. The trial court held a non-oral hearing and, on August 28, 1997, filed its opinion and judgment entry, granting appellees' motion for summary judgment and awarding judgment on the issues presented to appellees. This appeal followed.

Appellants' sole assignment of error alleges:

"The trial court erred and abused its discretion by ruling that R.C. § 2305.10 and the associated tolling provision of R.C. § 2305.16 were applicable statutes of limitation for plaintiffs-appellants' personal injury claim against a political subdivision when the specific statute of limitations governing appellants' claim, R.C. 2744.04(A), was ruled unconstitutional, as applied to minors, such as plaintiff–appellant, by the Ohio Supreme Court."

All parties in this case concede that R.C. 2744.04 applies to personal injury claims brought against a political subdivision and that appellees constitute a political subdivision as defined in R.C. Chapter 2744. The parties agree that Angela C. Looman was a minor at the time she incurred her alleged injuries and

that on August 30, 1995, the two-year statute of limitations for causes of action accruing under R.C. 2744.04(A), as then enacted, was ruled unconstitutional as applied to minors by the Ohio Supreme Court in *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 653 N.E.2d 212.

R.C. 2744.04(A) was not amended by the Ohio legislature to comply with the ruling in *Adamsky* until January 27, 1997. Appellants' complaint in this matter was filed on January 24, 1997. Therefore, the trial court sought to apply a proper statute of limitations and held that R.C. 2305.10, along with the tolling statute for minority disability set forth in R.C. 2305.16, applied. The trial court reasoned that R.C. 2305.10 was more specific regarding bodily injury than the general, residual provisions of R.C. 2305.09(D) and granted summary judgment in favor of appellees.

Civ.R. 56(C) recites in part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As set forth by the Ohio Supreme Court in *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132:

"Under Civ.R. 56, summary judgment is proper when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." (Citation omitted.)

In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a *de novo* review of the record. *Renner v. Derin Acquisition Corp.* (1996), 111 Ohio App.3d 326, 676 N.E.2d 151.

Appellants complain that the trial court's rationale is in direct conflict with the Ohio Supreme Court's reasoning in *Adamsky, supra,* which found R.C. 2744.04(A) to be unconstitutional as applied to minors. The Ohio Supreme Court in *Adamsky,* in footnote 2, 73 Ohio St.3d at 361, 653 N.E.2d at 213–214, upheld the appellate court's ruling that by its very terms, R.C. 2305.16 did not apply to R.C. 2744.04. The trial court in the case *sub judice* held that absent the constitutionality of R.C. 2744.04(A) as applied to minors, R.C. 2305.10, along with the tolling

provision set forth in R.C. 2305.16, applied and specifically noted in its opinion and judgment entry that the *Adamsky* court made no reference to R.C. 2305.10.

Appellants maintain that during the time period from the *Adamsky* decision until the Ohio legislature adopted the current version of R.C. 2744.04(A), effective January 27, 1997, no statute of limitations applied to causes of action by minors against political subdivisions. Appellants therefore contend that the only applicable statute of limitations, if any, for the personal injury actions of minors against political subdivisions that could arguably be consistent with *Adamsky* would be the general provision of R.C. 2305.09, tolled by R.C. 2305.16.

R.C. 2305.09(D) provides for a four-year statute of limitations and states in part that it is applicable only to causes of action for "injury to the rights of the plaintiff not arising on contract *nor enumerated in sections 2305.10 to 2305.12.*" (Emphasis added). Appellants assert that an action against a political subdivision under R.C. 2744.02(B)(4), absent the time limits of R.C. 2744.04(A), is not enumerated in the sections mentioned in R.C. 2305.09(D) and, thus, would fall within its coverage.

In its opinion and judgment entry filed August 28, 1997, the trial court stated:

"Between the *Adamsky* decision on August 30, 1995 and the above enactments on January 27, 1997, the two (2) year statute of limitations under R.C. 2744.04(A) had no application to minors' claims * * * prosecuted during that period."

The trial court further stated:

"In Ohio, in determining which statute of limitations should be applied to a particular cause of action, the Ohio Supreme Court has repeatedly held that trial courts must look to the actual nature, substance, or subject matter of the case rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors (*Lawyers Cooperative v. Muething* (1992), 65 Ohio St.3d 273, 277–278 [603 N.E.2d 969, 972–973]; *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99 [524 N.E.2d 166, 167–168]). In this regard, R.C. Section 2305.10 *generally* governs *all* actions the real purpose of which is to recover damages for injury to one's body or personal property (*Farbach Chem. Co. v. Commercial Chem. Co.* (1956), 101 Ohio App. 209 [1 O.O.2d 146, 136 N.E.2d 363]). It is evident that the substance of Angela Looman's cause of action is for 'personal, bodily injury'. That 'substance' is not altered by the fact that the targeted defendants are a political subdivision." (Opinion and Judgment Entry filed August 28, 1997, at 7–8.)

Appellants agree with the trial court that a specific statute controls over a general statute applicable to the same conduct. However, appellants maintain that R.C. 2744.04(A) and R.C. 2305.10 are not applicable to the same conduct, as R.C. 2305.10 has no application to personal injury actions against a political

subdivision. Appellants assert that the trial court improperly applied a specific statute of limitation, R.C. 2305.10, to replace another specific statute of limitation, R.C. 2744.04(A).

■ Appellants further agree with the trial court that Barbara A. Looman's cause of action is controlled by the four-year statute of limitations set forth in R.C. 2305.09(D). However, as the trial court recognized, when a minor child's claim for individual personal injuries is asserted in the same complaint as a derivative claim for medical expenses and/or loss of services incurred by a parent, the defendant tortfeasor may not be held accountable to the parent on his/her claims unless the defendant is also found liable in the minor child's action for personal injury damages. *Grindell v. Huber* (1971), 28 Ohio St.2d 71, 57 O.O.2d 259, 275 N.E.2d 614.

■ Appellants urge that the trial court erred in granting summary judgment in favor of appellees, as there was no applicable statute of limitations for minors with personal injury actions against political subdivisions pursuant to *Adamsky, supra,* and even if there was, the applicable statute was R.C. 2305.09(D) as tolled by R.C. 2305.16. Therefore, appellants assert that Angela C. Looman had until four years after attaining majority on November 28, 1994, within which to file her complaint against appellees and that Barbara A. Looman's claim would be re-established with the reversal of the trial court's decision.

R.C. 2305.09 and R.C. 2305.10 both relate to tort actions. R.C. 2305.10 expressly refers to personal "bodily injury." R.C. 2305.09 expressly refers to specific torts; however, R.C. 2305.09(D) generally refers to other torts not enumerated elsewhere in the Revised Code, including those under R.C. 2305.10. R.C. 2305.10 is special and specific as to bodily injury claims, while R.C. 2305.09(D) is a general and residual tort statute. Personal bodily injury was the cause of action for which appellants in the case at bar sought a remedy, regardless of the fact that the action was brought by a minor against a political subdivision.

The Ohio Supreme Court has stated:

"In making the choice between two statutes of limitations applicable to the same conduct, *it is well settled law that:* 'A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.'" *Love v. Port Clinton, supra,* 37 Ohio St.3d at 99, 524 N.E.2d at 167–168, quoting *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, paragraph one of the syllabus; see, also, *Trumbull Cty. Bd. of Health v. Snyder* (1996), 74 Ohio St.3d 357, 658 N.E.2d 783.

R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

We agree with the trial court that the specific statute, R.C. 2305.10, prevails over the general provisions of R.C. 2305.09(D) in this case. Although Angela C. Looman was a minor at the time of her alleged injury, she cured her minority on November 28, 1994, her eighteenth birthday. In removing her minority disability pursuant to R.C. 2305.16, she was afforded an additional two years within which time to file her cause of action for personal injury.

The trial court was correct in stating that the substance of Angela C. Looman's cause of action was for personal, bodily injury. In light of the fact that the Ohio Supreme Court in *Adamsky* found R.C. 2744.04 to be unconstitutional as applied to minors, the specific statute referring to bodily injury, R.C. 2305.10, would apply and would be tolled by R.C. 2305.16. Angela C. Looman thereby had until her twentieth birthday on November 28, 1996, to file her complaint. The complaint was not filed until January 24, 1997. Since Angela C. Looman's claim is barred by the applicable statute of limitations and appellees are not liable to her, the derivative claim of Barbara A. Looman, as the parent, is likewise barred. The trial court did not err or abuse its discretion in granting summary judgment in favor of appellees.

Appellants' sole assignment of error on appeal is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, P.J., and VUKOVICH, J., concur.