JOURNAL ENTRY AND OPINION
Appellants, Norman Kotoch and Bessie Russo, appeal the trial court's grant of summary judgment in favor of appellee, City of Highland Heights, and denial of partial summary judgment in favor of appellants. For the following reasons, we affirm.
Appellant Bessie Russo owns a property located at 351 Bishop Road, in Highland Heights, Ohio. Appellant Norman Kotoch owns an adjacent lot, located at 355 Bishop Road. Kotoch has an option to buy Russo's property. The lots were originally platted as 75 feet wide residential lots, but the zoning was changed to a Park Commercial-Light Manufacturing District. Appellants' lots would have to be combined in order to meet the depth and width requirements for commercial zoning.
Appellant Kotoch filed a preliminary site plan approval application. Kotoch proposed to develop the properties as a ministorage facility, where customers could rent space to store property.
The City's Planning and Zoning Commission denied the application for site plan approval, finding that the proposed use as a storage facility was not permitted under Highland Heights Code Section 1143.04. The only storage permitted was storage ancillary to manufacturing or distribution operations. The Commission also found that leasing storage space constituted retail sales, which were not permitted by Section 1143.04. The Board of Zoning Appeals affirmed the denial.
Kotoch appealed in Cuyahoga Common Pleas case number 298591. The trial court reversed and entered judgment in favor of appellant. This court affirmed. Kotoch v. Bd. of Building andZoning Appeals of the City of Highland Heights (Sep. 4, 1997), Cuyahoga App. No. 71242, unreported.
The constitutionality of the Highland Heights zoning code was not an issue. Id. at 8. This court found that the Board's decision was not supported by substantial, reliable and probative evidence. Id. While section 1131.04 did not allow use as a storage facility, the Similar Use section of the Code (1113.09) permitted the mini-storage facility. One requirement for a "similar use" is that the use does not create dangers to health and safety. Section 1113.09 of the Zoning Code, cited in Kotoch,supra at 6. The Board members and neighboring residents raised concerns over burglaries, storage of explosives and other safety issues. The evidence showed that these risks were minimal or non-existent. Kotoch, supra. Appellants' expert testified that the mini-storage facility did not constitute "retail sales or services" and the City presented no evidence to rebut this testimony. Id.
Before the trial court had ruled upon Case Number 298591, appellants filed the present case, Case Number 309227. The complaint alleged an unconstitutional taking; inverse condemnation; substantive due process violations and a right to damages under Title 42 U.S.C. § 1983; tortious interference with contract; and the right to a declaratory judgment.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING THE CITY'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE CITY WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Summary judgment is appropriate upon the demonstration that: (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56 (C), Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. We will consider whether appellee was entitled to judgment as a matter of law under each count of the complaint.
Counts I and II allege an unconstitutional taking of appellants' property. There is a right under the Fifth Amendment and Section 19, Article I of the Ohio Constitution that private property will not be taken for public use without just compensation. First Lutheran Church v. Los Angeles County (1987),482 U.S. 304, 96 L.Ed.2d 250, 107 S.Ct. 2378. In order for the landowner to prove a taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land. Goldberg Cos., Inc. v. Richmond Hts. City Council
(1998). 81 Ohio St.3d 207, 210. Only a substantial interference with private property is a "taking." See State ex rel. Taylor v.Whitehead (1982), 70 Ohio St.2d 37, 39; State ex rel. OTR v.Columbus (1996). 76 Ohio St.3d 203, 206-207. In this case, appellants were only prohibited from one use of the property, and were not deprived of all economic uses.
All of the cases cited by appellant are distinguishable, either because the property owner was completely deprived of the use of his land, See Negin v. City of Mentor, Ohio, (N.D.Ohio 1985,601 F. Supp. 1502; State ex. rel. Killeen Realty Co. v. City of EastCleveland (1959), 169 Ohio St. 375, First Lutheran, supra or because the partial taking involved physical interference with the land or extinguished a fundamental attribute of ownership. See State ex rel. OTR v. City of Columbus (1996), 76 Ohio St.3d 203.Mansfield v. Balliet (1902), 65 Ohio St. 451.
Appellee was entitled to summary judgment under Counts I and II because appellants did not show that a taking occurred.
Appellee was also entitled to summary judgment under Count III and IV, which alleged inverse condemnation. Appellants had to show that a taking occurred in order to have a cause of action for inverse condemnation. See City of Cincinnati v. ChavezProperties (1996), 117 Ohio App.3d 269, 275; Trumbull Cty. Bd. ofHealth v. Snyder (1996), 74 Ohio St.3d 357, 360.
Counts V and VI allege substantive due process violations. Substantive due process includes the right not to be subject to an arbitrary and capricious state administrative action. SeePearson v. City of Grand Blanc (C.A.6 1992), 961 F.2d 1211, 1217. "Arbitrary and capricious" means there was no rational basis for the administrative decision. Id. at 1221. A rational basis for a zoning decision may exist even though the state court has determined that the decision was not supported by substantial evidence. See Pearson, supra; Triumphe Investors v. City ofNorthwood (C.A.6 1995), 49 F.3d 198, 201-202. Unfounded community viewpoints may constitute a rational basis for a zoning decision.Triumphe, supra.
In this case, the Board of Zoning had a rational basis for its decision. Citizens voiced concerns over theft and the storage of flammable materials. The Board also found that the leasing of space constituted retail sales. Although there was insufficient evidence to support these findings, they were not so irrational as to violate substantive due process. See Pearson, Triumphe,supra.
Count VII alleges tortious interference with contract. This count was not argued at trial or on appeal.
Count VIII requests a declaratory judgment that: (1) To the extent the City's zoning code does not permit the use of a controlled mini-storage facility on the properties is unconstitutional; (2) There is no substantial relationship between the health, safety and welfare of the citizens of Highland Heights and the City's denial of the site plan; and (3) Denial of the site plan renders appellants' properties economically non-viable.
In this court's prior decision in this case, we found that the zoning ordinances allow the mini-storage facility. See Kotoch v.Bd. of Building and Zoning Appeals of the City of HighlandHeights (Sep. 4, 1997), Cuyahoga App. No. 71242, unreported. This court also found that the Board may have based the denial in part on perceived health and safety problems, but there was not substantial evidence of health or safety problems. These first two issues are barred by the doctrine of collateral estoppel. See generally Fort Frye Teachers Ass'n, OEA/NEA v. State EmploymentRelations Bd. (1998), 81 Ohio St.3d 392.
Appellants were not entitled to a declaratory judgment that the properties were rendered economically non-viable. As discussed above, only one use was prohibited and many other uses of the property were permitted. Appellee was entitled to summary judgment on Count VIII of the complaint.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE THE APPELLEE WAS LIABLE FOR DAMAGES FOR A VIOLATION OF APPELLANTS' DUE PROCESS RIGHTS UNDER THE U.S. CONSTITUTION AS PROHIBITED BY 42 U.S.C. § 1983.
As discussed above, there are different standards for a state court review of an administrative decision pursuant to R.C. 2506 and the determination whether an administrative action violates substantive due process. See Pearson v. City of Grand Blanc
(C.A.6 1992), 961 F.2d 1211; Triumphe Investors v. City ofNorthwood (C.A.6 1995), 49 F.3d 198. The state courts finding that an administrative decision was not based upon substantial reliable and probative evidence does not necessarily mean that the administrative agency acted without a rational basis and violated due process. See Id.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT SINCE THE APPELLANTS WERE ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES FOR THE CITY'S LIABILITY FOR A TEMPORARY TAKING.
As discussed above, appellants did not demonstrate that a taking occurred. Appellants were not entitled to partial summary judgment.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 O'DONNELL. J. AND KILBANE. J., CONCUR.
 _______________________ ANN DYKE PRESIDING JUDGE
N.E. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See also, S.Ct.Prac.R. II, Section 2(A)(1).